THE VILLAGE OF CRETE

*v.*

FIDELIA L. HEWES *et al.*

*Opinion filed November 1, 1897.*

APPEALS AND ERRORS—*freehold is involved in suit to determine existence of a public street.* An appeal to the Appellate Court in a suit to determine whether a strip of ground enclosed between fences of private owners had ever become part of a public street, and if so, whether the right of the public therein had been abandoned, involves a freehold, and should be dismissed for want of jurisdiction.

*Hewes* v. *Village of Crete,* 68 Ill. App. 305, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

C. W. BROWN, for plaintiff in error.

HILL, HAVEN & HILL, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a controversy submitted to the judge of the Will circuit court by agreement of the parties, without formal pleadings, in accordance with the provisions of section 1 of an act approved June 17, 1887. (Laws of 1887, p. 158.) The questions arising under and submitted by the agreement to the court were as follows:

"*First*—Whether or not the fences on or near the West line of Benton street, in said village of Crete, extending

from the north line of North street south along the front, or near the front, of the properties now owned by the said J. C. Doescher and Fidelia L. Hewes, are upon the true west line of said Benton street, in front of said properties.

"*Second*—If the said fences are not upon the true west line of the said Benton street in front of said properties, then how far to the east or to the west of where they now stand said true west line is or should be.

"*Third*—If said fences shall be found not to be upon the true west line of said Benton street, in front of said properties, then whether or not, as against the village of Crete, the owners of said properties are entitled or not entitled to have and maintain said fences where they now stand.

"*Fourth*—It is stipulated that if said fences as they now stand are on the true west line of said Benton street, in front of said properties, or are entitled, as against the said village of Crete, to remain where they now are, then the costs of this proceeding shall be taxed against the said village of Crete; and if said fences are found not to be on the true west line of said Benton street, or east of where they are entitled to stand, then the said J. G. Doescher and Fidelia L. Hewes shall be taxed with the costs of this proceeding, and that the court shall have power to order the removal of said fences and enforce its decree as in other cases."

The agreement reserved to the parties thereto the right to appeal from or sue out a writ of error to reverse the order of the court.

Upon the proofs submitted by the respective parties the court determined the matter in controversy in favor of the village. The other parties to the proceeding prosecuted an appeal to the Appellate Court for the Second District. In that court the appellee village moved to dismiss the appeal, which motion the court overruled, and the cause was submitted and a judgment entered reversing the action of the circuit court and remanding the case,

with directions that a finding and decree be entered in favor of the appellants. This is a writ of error sued out by the village to bring the proceedings in the Appellate Court in review in this court.

The motion to dismiss the appeal in the Appellate Court does not develop the ground thereof nor does it otherwise appear in the record. Counsel, however, agree the ground of the motion was the controversy involved a freehold. A street or highway is a perpetual easement, and therefore a freehold estate. *Chaplin* v. *Comrs. of Highways*, 126 Ill. 264.

On the fifth day of October, 1848, one Willard Wood laid out the town of Crete, and caused a plat and survey thereof, showing the streets, alleys, etc., to be duly acknowledged and recorded. One of the streets bore the name of Benton. The town of Crete was never incorporated. The village of Crete, the plaintiff in error, was incorporated in 1880, and included the territory platted as the town of Crete, and its plat adopted the streets, alleys, lots and blocks of that town and also the names given to such streets.

The defendants in error claimed and introduced testimony tending to show that they or their grantors were the owners of the property in question, abutting on the west side of Benton street, long before the incorporation of the village and more than thirty years before the institution of this proceeding, and that the fences in question had been maintained where they now stand for the same period of time, and that the strip of ground within the fences, and claimed to be a part of Benton street, had been in the actual, open and adverse possession of themselves or their grantors for the same period of time. They further claim that the dedication of the street or highway was never accepted in any way by the public authorities. Therefore issues were presented to the circuit court for its determination, (1) whether a street or highway covering the strip of ground within the fences

ever came into existence, and if it did, (2) whether the right of the public in and to said strip of ground had been lost by abandonment or barred by adverse and hostile possession.

These issues involved the existence of a perpetual easement, which, as we have seen, is a freehold estate. The Appellate Court found these issues presented to it by the evidence in the case, and speaking of them, in the course of the opinion rendered in the case, said: "We are of the opinion, further, that inasmuch as the fences in question were erected many years before the village of Crete came into being, and have been maintained where they are now located for some thirty-five years or more, the public must be held to have lost the strip in controversy by abandonment, even if it ever had it. In fact, this strip was never accepted by the public authorities. The acceptance of the dedication must be held to have been made, if at all, in view of the fences as they existed at the time; and as the strip in controversy, by conveyances and fencing, was withdrawn from the dedication offered by the plat before there was any acceptance, the public acquired no rights therein."

"It is clear," it was said in the case of *Sanford* v. *Kane*, 127 Ill. 591, "that a freehold is involved, within the meaning of the constitution, where the title to a freehold is so put in issue that a decision of the case necessarily involves a decision of such issue."

We think the Appellate Court was without jurisdiction to entertain the appeal.

The judgment of the Appellate Court must be and is reversed, with directions to sustain the motion to dismiss the appeal and to dismiss the same accordingly.

*Reversed and remanded.*