## William R. Robeson v. Elmer Hutton et al.

1. FREEHOLD—*When Involved.*—In an action of trespass against the commissioners of highways who justify under the plea that the land was a public highway, from which the plaintiff had been duly notified to remove his fence and failed to do so, and that the defendants, as commissioners of highways, entered upon it and removed the fence for the purpose of opening the highway, etc., a freehold is involved and this court has no jurisdiction.

Trespass, *quare clausum fregit.* Appeal from the Circuit Court of Lawrence County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1898. Dismissed for want of jurisdiction. Opinion filed August 31, 1898.

HUFFMAN & MESERVE, attorneys for appellant.

GEE & BARNES, attorneys for appellees.

PER CURIAM.

This is an action of trespass, by appellant against appellees, for breaking and entering appellant's close, etc.

Appellees justify, under the plea, that the land was a public highway, from which appellant had been duly notified to remove his fence and had failed to do so; and that appellees, as commissioners of highways, had peaceably entered upon it and removed the fence for the purpose of opening the highway, as they were legally bound to do, etc.

This case involves a freehold, and this court has no jurisdiction to hear and determine it. The appeal should have been to the Supreme Court. Mary Taylor v. A. L. Pierce et al., 174 Ill. 9; James Chaplin v. Commissioners of Highways, 126 Ill. 264; Town of Brushy Mound v. McClintock, 146 Ill. 643; Village of Crete v. Fidelia L. Hewes et al., 168 Ill. 330.

The appeal is dismissed. Leave to appellant to withdraw records and files.