# W. H. Cox v. Commissioners of Highways.

1. FREEHOLD—*Involved in a Controversy over the Existence of a Highway.*—In a prosecution for obstructing a highway where the ground of controversy is whether a legal highway exists at the place where the obstruction was placed, one party claiming it did exist, and the other claiming it did not, a freehold is involved and this court has no jurisdiction of the case.

**Prosecution for Obstructing a Highway.**—Appeal from the Circuit Court of Clinton County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1901. Dismissed. Opinion filed September 4, 1901.

VAN HOOREBEKE & LOUDEN, attorneys for plaintiff in error.

THOMAS E. FORD, attorney for defendant in error.

OPINION PER CURIAM.

This suit was brought before a justice of the peace in Clinton county, by defendants in error, against plaintiff in error, to recover a penalty for obstructing a public highway, and was appealed to the Circuit Court of that county, and on a trial there a judgment was rendered against plaintiff in error for $3 and costs, and this writ of error was sued out to secure a reversal of the judgment.

Plaintiff in error is in possession and claims to be the owner of the land over which the alleged road runs.

There are no written pleadings in the case, but from the evidence it appears that the ground of controversy is, whether a legal highway exists at the place where the obstruction is said to have been placed; the defendants in error claiming that such a highway does exist, and plaintiff in error denies its existence. It is evident, therefore, that a freehold is involved and this court has no jurisdiction of the case. The writ of error should have been sued out of the Supreme Court. Town of Brushy Mound v. McClintock, 146 Ill. 643; Robeson v. Hutten et al., 77 Ill. App. 464, and cases there cited.

The appeal is dismissed, with leave to plaintiff in error to withdraw record and abstracts from the files.