## Village of Dolton v. Alice J. Malin et al.

1. APPELLATE COURT—*Jurisdiction Where a Freehold is Involved.*—
When the plea of the general issue puts in issue the title of the plaintiff
to real estate and the determination of the case involves a decision as
to whether or not the plaintiff had title to such real estate, a freehold is
involved and the Appellate Court is without jurisdiction.

**Action to Recover the Value of Real Estate,** taken for a street.
Appeal from the Superior Court of Cook County; the Hon. FARLIN Q.
BALL, Judge presiding. Heard in this court at the October term, 1901.
Appeal dismissed.   Opinion filed June 23, 1902.

I. T. GREENACRE and OTTO F. REICH, attorneys for appellant.

No appearance by appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

The plaintiffs filed a declaration in which they aver, in
substance, that they are the owners of a piece of ground
in Cook County, Illinois (describing it), and that the defend-
ant, the Village of Dolton, by its board of trustees, to wit,
August 9, 1898, passed an ordinance providing for the
appropriation and use by said village of the east thirty-three
feet of said premises for public purposes, and that said vil-
lage, by its duly constituted officers, took possession of said
thirty-three feet and graded it as a street, and thereby ap-
propriated it to public use, without compensation to plaint-
iff, to plaintiff's damage $2,500.

The defendant pleaded the general issue, and a verdict and
judgment were rendered in favor of the plaintiffs for $645.

The plea of the general issue put in issue the title of the
plaintiffs, and it is clear that they could not recover except
on proof of their title to the described land.   Therefore,
the decision of the case involved a decision as to whether
or not the plaintiffs had title.   This was a contested ques-
tion on the trial.   One of the specified grounds, in the
defendant's written motion for a new trial, is:

"As to the land claimed by the plaintiffs to have been

taken by the defendant, it does not appear from the evidence that the plaintiffs owned the same, when the same was so claimed to be taken," etc.

The overruling of the motion for a new trial is assigned as error, thus presenting for decision here the question whether plaintiffs have title. We think it manifest that a freehold is involved, and therefore that the appeal should have been to the Supreme Court, we having no jurisdiction of a case in which a freehold is involved. In Nevitt v. Woodburn, 175 Ill. 376, the court say :

"A freehold is involved, within the meaning of the statute, in cases wherein the necessary result of the judgment or the decree is, that one party gains and the other loses a freehold estate; or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves the decision of that issue." Citing Goodkind v. Bartlett, 136 Ill. 18; Sanford v. Kane, 127 Ib. 591; Malaer v. Hudgens, 130 Ib. 225, and Ryan v. Sanford, 133 Ib. 291.

Piper v. Connelly, 108 Ill. 646, was an action *quare clausum fregit*, and the defendant pleaded *liberum tenementum*, on which plea the plaintiff joined issue, and the court held that a freehold was involved. The case is cited with approval in Sanford v. Kane, *supra*, and the court thus comments on it:

" A fair illustration of the rule may be found in Piper v. Connelly, 108 Ill. 646. That was an action of trespass *quare clausum fregit*, to which the defendant pleaded *liberum tenementum*. No freehold was sought to be recovered, the only possible judgment in favor of the plaintiff being one for damages for the alleged trespass. The freehold, however, was directly put in issue by the pleadings, and the plaintiff's right to recover his damages necessarily depended upon whether the defendant had succeeded or failed in establishing his plea, that is, in establishing his title to the freehold. The title, though in no sense the subject sought to be recovered, was directly in issue, and presented a question which the court was compelled to decide, and it was therefore held that a freehold was involved in the case within the meaning of the constitution and the statute regulating appeals to this court." 127 Ill. 595.

In Town of Brushy Mound v. McClintock, 146 Ill. 643,

the town claimed a perpetual easement over the appellee's land, but the appellee disputed the legal existence of the highway. The suit was by the town to recover a penalty for the obstruction of the highway. Held, that a freehold was involved, and that an appeal to the Appellate Court was properly dismissed by that court. See also Cox v. Commissioners, etc., 97 Ill. App. 218, and Robeson v. Hutton, 77 Ib. 464.

The jurisdiction of this court is prescribed and limited by the statute, and we are powerless to act outside the prescribed limits.

The appeal will be dismissed for want of jurisdiction.

Mr. Justice BALL took no part in the decision of the case.