## Frank M. Bunker, Appellee, v. The City of Woodstock, Appellant, impleaded, etc.

### Gen. No. 5,624.

1. APPEALS AND ERRORS—*when freehold involved.* A freehold is involved on a bill to restrain a city from building a sidewalk on a strip of certain premises alleged to belong to complainant.

2. APPEALS AND ERRORS—*jurisdiction, though freehold involved.* Though a freehold is involved, the appellate court must take jurisdiction to the extent of determining whether the bill justifies a preliminary injunction on an appeal from an interlocutory order granting an injunction restraining a city from building a sidewalk on a strip of land alleged to belong to the complainant, since by statute, jurisdiction of an appeal from such an order is granted to such court only.

3. CHANCERY—*when bill does not exclusively rely on estoppel.* A bill does not rely exclusively on equitable estoppel, where in addition to alleging exclusive ownership for twenty-eight years, it alleges that according to the measurements in the recorded plat of the premises, on a strip of which a city is attempting to place a sidewalk, and the deed thereof, the complainant is entitled to the strip in question.

4. INJUNCTION—*when preliminary properly continued.* Equity has jurisdiction, and a preliminary injunction is properly retained until the hearing, where the bill avers that complainant is the owner of a strip of land on which defendant is constructing a side-walk, that he has exclusively possessed it for over twenty-eight years and with his predecessors for over forty years, and that the defendant never possessed it or acquired any right therein, but undertook to seize it without.

Injunction. Appeal from the Circuit Court of McHenry county; the Hon. C. H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 27, 1912.

E. H. WAITE, for appellant; DAVID R. JOSLYN and PAUL J. DONOVAN, of counsel.

V. S. LUMLEY and BARNES & BARNES, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee filed a bill in equity against the city of

Woodstock and its mayor and a contractor named Johnson to restrain defendants from building a sidewalk upon the south seven feet of certain premises. Notice was given the defendants of an application for a temporary injunction under said bill, and a temporary injunction was granted. Defendants answered and moved to dissolve the injunction. Thereafter the defendants withdrew their answer, and it is not in this record, and the record does not inform us what defense is set up. Defendants then moved to dissolve the injunction for want of equity on the face of the bill. This is an appeal by the city from an order denying that motion. A freehold is involved (Village of Crete v. Hewes, 168 Ill. 330), and we have no jurisdiction, generally, of a case involving a freehold. But an appeal from such an interlocutory order is by statute granted to this court only, and therefore we must take jurisdiction (Craig v. Craig, 246 Ill. 449) to the extent of determining whether the case stated in the bill justified a preliminary injunction.

Appellant assumes that the bill admits that appellee does not own said south seven feet, and that the same is a part of the street, and that the bill only attempts to set up an equitable estoppel in favor of appellee and against the city on account of long continued possession of the street and certain other facts; and appellant insists that, as the bill does not show that appellee has erected any extensive or costly structure upon said seven feet, therefore no equitable estoppel arises, and equity has no jurisdiction, but that appellee should be left to his remedy, if any, at law. We do not so understand the bill. It allages that Centerville, now the city of Woodstock, was platted on June 4, 1844, and the plat was recorded, and that so much of said plat as is material herein is attached to the bill as an exhibit; and the plat shows, among other things, a certain unnumbered lot, bounded on the north by Calhoun street, on the east by Tryon street, on the south by South street,

and on the west by Hayward street, having as its dimensions, 300 feet from east to west and 270 feet from north to south; that in 1862, by an assessor's plat of said real estate, duly recorded, said lot was numbered 77; that in April, 1882, appellee became the owner of said lot 77 and took possession of the same and moved into the dwelling house situated thereon and ever since that time has been in the open and exclusive possession of said premises; that when he entered upon said premises, there was on the entire south side thereof a high board fence, which had been maintained for a number of years before appellee bought the premises, and he believed that said fence was on the south line of the premises which he then bought, and on the north line of South street, and he thereafter occupied said premises continuously to the line of said fence, and that the city and its officers made no claim that said fence was not on the north line of South street till the year 1910, and that said line upon which said fence stood had been maintained for over forty years as the south line of said lot 77 and the north line of South street, and that from the south line of Calhoun street on lot 77 to the line of said fence was just 270 feet, so that by occupying to said line he held just the quantity of land called for by the plats and his deed, and that he has no means of moving his north line north into Calhoun street, so that, if the city were permitted to take seven feet off from the south end of his lot, he would lose that amount of land called for by his plat and deed; and that said city had never at any time had possession or claimed any right in said premises till 1910. The bill further alleged that, in the fall of 1910, he returned from a visit to Montana and found that some one, professing to act under authority of the city, had commenced grading and filling for a sidewalk about seven feet north of the south line of said premises and had opened and removed a part of appellee's fence on said line and had deposited gravel inside the line of said fence and had commenced excavating to construct a sidewalk; that appellee protested and

no further work was then done, but that on September 25, 1911, the day before this bill was filed, defendant Johnson, claiming to act under the authority of the city commenced the construction of said walk across appellee's lot seven feet north of its south line, and had built three or four rods of said walk when appellee gave notice of an application for an injunction and thereupon filed this bill. The bill, therefore, alleges that appellee owns this entire lot to the line of said fence and owns said seven feet in question and had exclusive possession thereof for over twenty-eight years and that his predecessors in title had possession long before that, and that the city never had any possession of it and never asserted any claim till September, 1910. The bill also alleges that the city never condemned this strip for a street or obtained any consent to its use as a street. The plat, so far as it is set forth, does not show the width of the streets and, if the allegation of the bill is true that all of the plat that is material is set out as an exhibit, then the lots have definite measurements and the streets have no width specified. The case made by the bill, therefore, is that appellee is the owner of this strip and has exclusively possessed it for over twenty-eight years and he and his predecessors for over forty years, and that the city has never possessed it and has never acquired any right to it, but has undertaken to seize it by force and without authority of law.

Equitable jurisdiction in cases in many respects similar was exercised in City of Peoria v. Johnston, 56 Ill. 45; Village of Winnetka v. Prouty, 107 Ill. 218; and Village of Vermont v. Miller, 161 Ill. 210. The Johnston case, *supra,* was a bill to enjoin the city of Peoria from taking a strip of land between appellant's house and the street and making it a part of the street, upon which strip there were no buildings or expensive improvements. In answer to the argument that this was not a proper matter for the interference of a court of equity, the court said:

"The complainant was seeking, not merely to enjoin

a trespass, but to restrain the city, under color of its chartered powers, from taking absolute possession of property to which it had no right, and inflicting a permanent and continuing injury upon the complainant. In such cases, injunction is a proper remedy.''

In City of Joliet v. Werner, 166 Ill. 34, the court quoted as follows from High on Injunctions:

''When a municipal corporation threatens to remove plaintiff's fences as an alleged encroachment upon a street, plaintiff having for thirty years been in the undisturbed possession of the premises, the city having used no portion thereof for a street, and offering no compensation to plaintiff, and no means of adjusting his compensation for the property to be taken, an appropriate case is presented for relief by injunction.''

To the same effect is Village of Itasca v. Schroeder, 182 Ill. 192. In Lowery v. City of Pekin, 186 Ill. 387, the court said:

''This is a case where a municipality, under claim of right, is unlawfully trying to take the property of a private citizen. It is well settled, that injunction is a proper remedy where cities or public officers, under color of power or claim of right, are illegally attempting to injure, or take the property, or impair the rights, of a citizen.''

It is held in several of the cases cited, as also in Hewes v. Village of Crete, 175 Ill. 348, that, even where by a plat there may seem to be a right to a street, yet if the land upon which that street would lie, if accepted and opened, has been permitted to be enclosed within the fence of abutting owners and treated by them as their private property without interruption by the municipality for over thirty years, the public rights, if any originally existed, are lost by abandonment. The bill stated various other facts relating to the conduct of the municipality towards appellee and the owners of other similar lots on the same street, which it is alleged would make it inequitable for the city to do the acts here complained of. It is unnecessary to consider that aspect of the bill. Enough has

been stated to show that a court of equity has jurisdiction and that it was proper to retain the injunction until the merits are tried upon a hearing.

The order is therefore affirmed.

*Affirmed.*