THE TOWN OF BRUSHY MOUND

*v.*

WILLIAM McCLINTOCK.

*Filed at Springfield October 27, 1893.*

1. FREEHOLD—*easement in land.* A perpetual easement in lands, or any interest in land in the nature of such easement, when created by grant, or by any proceeding which in law is equivalent to a grant, constitutes a freehold.

2. SAME—*when involved.* A freehold is not only involved in an action when the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also when the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

3. APPEAL—*whether a freehold is involved.* An action by a town against one for obstructing an alleged highway, which is claimed by prescription, over the land of the defendant, which claim is disputed, involves a freehold, and an appeal will not lie from the judgment of the circuit court to the Appellate Court.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. J. FOUKE, Judge, presiding.

Messrs. ANDERSON & BELL, for the appellant.

Mr. ROBERT B. SHIRLEY, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This suit was originally brought by the Town of Brushy Mound against McClintock to recover a penalty for the obstruction of a highway in said town. (Rev. Stat. chap. 121, secs. 71 and 74; 2 Starr & Cur. Ann. Stat. pages 2157 and 2159). Judgment was rendered in the Circuit Court in favor of McClintock, the present appellee. The Town took the case by appeal to the Appellate Court, which dismissed the appeal on the ground that a freehold was involved. The appeal here is prosecuted by the Town from the judgment of dismissal thus entered by the Appellate Court.

McClintock, who owned the fee of the land, disputed the existence of the highway, while the town claimed that the highway existed by prescription. The suit, though brought to recover a penalty, involves the direct question of the perpetual right of the public to travel over the land of the owner of the fee. The Town thus claims a perpetual easement in the land of appellee. We have held in a late case, that a perpetual easement in lands, or any interest in land in the nature

of such easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold. (*Chaplin* v. *Commissioners of Highways*, 126 Ill. 264).

It is claimed, that a freehold is not involved because the primary object of the suit is not the recovery of a freehold estate, the judgment of the court in the suit to recover a penalty going no further than to require the payment of such penalty. But we have held, that a freehold is not only involved where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Sanford* v. *Kane*, 127 Ill. 591; *Malaer* v. *Hudgens*, 130 id. 225). Thus, in an action of trespass *quare clausum fregit*, to which the plea of *liberum tenementum* was pleaded, it was held that a freehold was involved, although the only judgment for plaintiff would be one for damages for the trespass, because the plaintiff's right to damages depended upon the success or failure of the defendant in establishing his title to the freehold. (*Piper* v. *Connelly*, 108 Ill. 646; *Sanford* v. *Kane, supra*). So, here, the right of the Town to the recovery of the penalty depends upon the determination of the issue—affirmed on one side by appellant and denied on the other by appellee—whether or not the public has the interest of a perpetual easement in the highway passing over appellee's grounds. As the decision of the case necessarily involves a decision of this issue, we think that a freehold is involved, and that the appeal was properly dismissed by the Appellate Court.

The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*