## Township of Whitley v. Jerry Linville.

1. FREEHOLD—*Perpetual Easement.*—A perpetual easement or any interest in land in the nature of such an easement when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold.

2. SAME—*When Involved.*—A suit brought to recover a penalty, but which involves the direct question of the perpetual right of the public to travel over the land of the owner of the fee, involves a freehold.

Action, to recover a penalty for obstructing a highway. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1897. Appeal dismissed. Opinion filed December 2, 1897.

R. M. PEADRO, attorney for appellant.

J. R. & WALTER EDEN, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought by the township of Whitley against Jerry Linville, to recover a penalty for obstructing a highway by encroaching on the same with a fence, under Chap. 121, Secs. 71 and 74, Rev. Stat. (1895). Upon the trial

Township of Whitley v. Linville.

in the justice's court judgment was rendered against Jerry Linville for $3 and costs of suit. From this judgment he took the case to the Circuit Court by appeal. In the Circuit Court judgment was rendered in favor of Jerry Linville, the present appellee. The township of Whitley, the present appellant, brought the case by appeal to this court. The appellee enters his motion in this court to dismiss the appeal on the ground there is a freehold involved, and that the appeal should have been taken from the Circuit to the Supreme Court instead of to this court.

The appellee owns the fee of the land and disputes the existence of a highway where he has placed his fence. The appellant contends that the highway exists by prescription.

This suit, though brought to recover a penalty, yet involves the direct question of the perpetual right of the public to travel over the land of the owner of the fee. By this contention the appellant claims a perpetual easement in the land of appellee.

A perpetual easement in lands, or any interest in land in the nature of such easement, when created by grant or by any proceeding which is in law equivalent to a grant, constitutes a freehold. Chaplin v. Com'rs of Highways, 126 Ill. 264.

The Supreme Court said in the case of Town of Brushy Mound v. McClintock, 146 Ill. 643, which is " on all fours " with this case, " the right of the town to the recovery of the penalty depends upon the determination of the issue— affirmed on one side by appellant, and denied on the other by appellee—whether or not the public has the interest of a perpetual easement in the highway passing over appellee's grounds."

As the decision of this case involved necessarily the decision of this issue, we think that a freehold is involved.

The motion to dismiss the appeal is sustained, and the appeal dismissed.