### Village of Dolton et al. v. George A. Dolton.

99 141
a196s 154

99 141
s201s 159

1. FREEHOLD—*Involved in a Litigation over an Easement.*—Where the purpose and object of a litigation involve the establishment of an easement in a highway, a freehold is involved and the Appellate Court is without jurisdiction.

Bill for Relief.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Appeal dismissed. Opinion filed December 24, 1901.

I. T. GREENACRE and OTTO F. REICH, attorneys for appellants.

JOHN C. TRAINOR, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree which vacates a judgment of a justice of the peace imposing a fine for violating a village ordinance, and enjoins further proceedings under the said judgment.

It appears that appellee constructed a fence on premises to which he claims title derived from his father in 1892, and by right of peaceable possession and occupancy ever since. The Village of Dolton claimed that such fence obstructed what it asserts is a public street existing by reason of an alleged ancient dedication by acts of Dolton's ancestor, and user by the public for more than twenty years. The justice found appellee guilty of obstructing the street and he was fined. From this judgment an appeal was taken to the Criminal Court where the cause appears to be still pending.

Appellee seeks further relief by bill in equity, and obtained a decree granting an injunction, from which the appeal before us is prosecuted.

In the view we take of the matter, it is unnecessary to consider the merits of the controversy. It is urged that appellee has an adequate remedy at law and that the bill should have been dismissed. Assuming that such contention may be well founded we are nevertheless of opinion that the appeal to this court was improperly taken. In Town of Brushy Mound v. McClintock, 146 Ill. 643, the suit was originally brought to recover a penalty for the obstruction of a highway in said town. An appeal was taken to the Appellate Court which dismissed the appeal on the ground that a freehold was involved, it appearing that the appellee, who owned the fee of the land, disputed the existence of the highway, which the town claimed existed by prescription. The Supreme Court affirmed the dismissal, holding that "a freehold is not only involved where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. * * * So here, the right of the town to the recovery of the penalty depends upon the determination of the issue affirmed on one side by appellant and denied on the other by appellee, whether or not the public has the interest of a perpetual easement in the highway passing over appellee's grounds."

If the case before us was an appeal from a judgment of the Circuit Court in the action brought by the town of Dolton to recover a penalty, or from a judgment of the Criminal Court upon the appeal there taken from the judgment of the justice imposing a fine on appellee for obstructing the alleged street, no doubt would exist that a freehold was involved, and that this court would be compelled to dismiss the appeal. But it is urged by appellant that this is an appeal from a decree rendered in equity in a case wherein it plainly appears from the bill itself that appellee

can obtain an adequate remedy at law and is not entitled to the relief granted. The bill is inartistically drawn; but while it seeks to set aside the judgment of the justice, and to restrain appellants "from in any manner incumbering or clouding the title to your orator's personal or real estate by reason of said judgment," it is also set forth in the bill that the purpose and object of the suit before the justice was "to establish a perpetual easement in a highway over your orator's grounds," and that appellants "now threaten to take and damage your orator's real estate without compensation or due process of law." The decree finds appellee to be the owner of the disputed property in express terms. If, therefore, it be conceded that a part of the relief sought by the bill and granted by the decree is not such as a court of equity could properly take cognizance of, and that the Circuit Court erred in sustaining the demurrer of appellants to the bill of complaint, it nevertheless does appear that the bill states in substance, although inartificially and even imperfectly, some apparent grounds for equitable intervention, and that the decree expressly finds the ownership of the freehold in dispute to be in appellee. Under these circumstances it would be improper to dismiss the bill here, and as a freehold is directly involved, we have no jurisdiction to consider the errors assigned. It is our duty, therefore, to dismiss the appeal, and it will be so ordered. Appeal dismissed.