THE VILLAGE OF DOLTON *et al.*

*v.*

GEORGE A. DOLTON.

*Opinion filed April 16, 1902.*

APPEALS AND ERRORS—*when freehold is involved in appeal.* A freehold is involved in an appeal from a decree which contains findings on the disputed question whether or not an alleged highway existed over the land of the complainant in the bill, and which undertakes to determine where the freehold is.

*Village of Dolton* v. *Dolton,* 99 Ill. App. 141, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

I. T. GREENACRE, and OTTO F. REICH, for appellants.

JOHN C. TRAINOR,. for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Branch Appellate Court for the First District entered a judgment dismissing the appeal prosecuted by the appellants from a decree of the circuit court of Cook county, and the correctness of that judgment is questioned by this appeal.

Appellee, George A. Dolton, by his amended bill filed in the circuit court against the appellants, the village of Dolton, the president of its board of trustees and a justice of the peace, alleged that he was the owner in fee simple of certain real estate in said village conveyed to him by warranty deed December 13, 1872, of which he had been in exclusive possession from that time up to the filing of his bill, in 1899; that no public or private road had ever been in, upon or over said premises, and no road or highway, either by prescription, dedication or otherwise, existed on said premises; that the village of Dolton, seek-

ing to establish a contemplated road or highway over the same, had prosecuted him before a justice of the peace on a complaint charging him with obstructing a public highway over said real estate, called Hobson avenue; that on a trial he was found guilty and judgment entered for $1 fine and costs, and that the president of the board of trustees had destroyed a portion of the fence on said real estate for the purposes of the road. The complainant prayed for an injunction restraining the defendants from attempting to collect or enforce the judgment in any manner, or encumbering or clouding his title to said real estate by reason thereof, and for such other relief as equity might require. The bill was demurred to, and the demurrer being overruled, the defendants elected to stand by it, whereupon the court entered a decree finding all the material allegations of the bill to be true, and finding in express terms that complainant was the owner, in fee simple, of the real estate in question and in the peaceable and quiet possession and control thereof. The court also found that the title to complainant's freehold was involved in the suit before the justice of the peace, and that the justice had no jurisdiction to hear, try or determine the issue involving such freehold. By the decree the judgment was declared a nullity and set aside, and defendants were enjoined from attempting in any manner to collect or enforce it.

It is contended here that the appeal to the Appellate Court did not involve the freehold alleged by the bill to be vested in complainant, but only the jurisdiction of a justice of the peace to try a question involving such freehold. The allegations of the bill and the findings of the decree are not confined to the question of jurisdiction in the justice of the peace, but the decree undertakes to determine where the freehold is. Its findings are based on the allegations of the bill, and are not only that all the averments of the bill are true, but that the complainant is the owner in fee simple of the disputed property. The

decree contains findings on the disputed question whether the alleged highway existed over the land of the complainant and a freehold was involved.    *Town of Brushy Mound* v. *McClintock*, 146 Ill. 643.

The judgment of the Appellate Court dismissing the appeal was right, but it is assigned as error that execution was awarded against the municipal corporation, and in this respect the judgment is erroneous.    It is modified by striking out the order for execution.

The judgment of the Appellate Court as modified is affirmed.