THE VILLAGE OF DOLTON *et al.*

*v.*

GEORGE A. DOLTON.

*Opinion filed February 18, 1903.*

1. JUSTICES OF THE PEACE—*courts cannot impose limitations on statutory jurisdiction.* If the statute gives a justice of the peace jurisdiction in certain cases, courts are powerless to impose limitations on such jurisdiction by construction.

2. SAME—*justice has jurisdiction of action for violation of ordinance.* A justice of the peace has jurisdiction of an action for a penalty for encroaching upon an alleged public highway in violation of an ordinance, even though the question of a freehold may be incidentally involved under the defendant's contention that he was the owner of the land.

3. HIGHWAYS—*limits of rule that freehold is involved in suit for obstructing highway.* The rule that a freehold is involved, on appeal, in an action by a municipality to recover a penalty for the obstruction of an alleged public highway which defendant claims does not exist, is confined to cases arising before a court of record having power to adjudicate the title. (*Town of Brushy Mound* v. *McClintock,* 150 Ill. 129, *Landers* v. *Town of Whitefield,* 154 id. 630, *Township of Madison* v. *Gallagher,* 159 id. 105, and *Cox* v. *Comrs. of Highways,* 194 id. 355, explained.)

4. INJUNCTION—*equity will not ordinarily enjoin enforcement of ordinance.* Except to prevent a multiplicity of suits or an irreparable injury, equity will not enjoin the enforcement of ordinances in the appropriate courts upon the ground that the defendant alleges his innocence or charges that the ordinance is illegal.

5. SAME—*when bill does not make a case for injunction.* A bill to enjoin the enforcement of a judgment of a justice of the peace does not make a case for injunction, where it shows upon its face that the complainant had a full, adequate and complete remedy at law by an appeal from such judgment, in which all questions might have been determined *de novo.*

6. SAME—*equity will not ordinarily enjoin a judgment at law.* A court of equity will not enjoin the enforcement of a judgment at law, unless by accident, fraud or mistake the complainant was prevented from establishing his claim or making his defense.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

The defendant in error, George A. Dolton, filed his amended bill in the circuit court of Cook county, repre-

senting that the village of Dolton, by M. Robert Weidner, the president of its board of trustees, commenced an action against defendant in error before John E. Schafer, a justice of the peace, by filing a written complaint, in which he is charged with encroaching upon, encumbering and obstructing Hobson avenue, a public highway in said village, by placing a fence thereon and digging holes therein without having first obtained permission so to do; that defendant in error asked for and obtained a change of venue from said Schafer, but that Schafer improperly sent the case to D. C. McKinnon, who was not the next nearest justice of the peace; that a jury was demanded by defendant in error and duly empaneled before said last named justice, and the cause was tried before the jury, which jury returned a verdict of guilty and assessed his fine at one dollar and costs; that the justice entered the judgment notwithstanding the protest of the defendant in error. The bill alleged that the verdict was against the evidence, the ordinances of the village and the laws of the State, and was a mere nullity, and that the justice had no lawful authority or right to enter judgment thereon. Defendant in error alleged, in addition, that he feared plaintiffs in error would take out execution on the judgment and file a transcript with the clerk of the circuit court and put a cloud on his real estate, and that he ought not to be obliged to appeal from said judgment, but that its enforcement ought to be enjoined. He further represented that for many years he had been, and still was, the owner in fee of certain real estate in the village of Dolton, and that no public or private road had ever been in, upon or over said premises, either by prescription, dedication or otherwise, and that no improvements or repairs of any kind were ever made on the premises for the purposes of any such road by any person, corporation or municipality, but that he has always had undisputed control and possession and the sole and exclusive use of the premises; that there is no such street

as Hobson avenue in the village of Dolton, except, perhaps, on paper in the offices of plaintiffs in error; that Hobson avenue is a contemplated highway or street which the village of Dolton is seeking to establish over his real estate; that to establish such street would greatly damage defendant in error. He further represents that the title to real estate is directly involved in said cause, and that said suit was brought for the recovery of a freehold and to establish a perpetual easement over his property; that therefore the justice of the peace had no jurisdiction over the cause; that the decision in said cause directly and necessarily involves his title and freehold, and that if the village is successful he will lose his freehold in so far as the road is concerned, and that the village, by its officials, now threatens to take and damage his real estate, without compensation or due process of law, for said contemplated street; that M. Robert Weidner, the president of the board of trustees of the village of Dolton, has already destroyed a portion of the fence of defendant in error, and that he fears plaintiffs in error will destroy his fences and damage his real estate unless enjoined. He then invokes the aid of a court of equity, makes the village corporation, the president of its board of trustees and the justice of the peace defendants, and prays that defendants answer; that the verdict and judgment be declared a nullity and vacated and set aside; that all of the defendants be restrained from issuing execution thereon and from procuring or filing a real estate transcript thereon, and from levying execution on his property or from otherwise attempting to collect the judgment; that on a hearing the injunction be made perpetual; that the court construe the verdict and determine whether a judgment could be entered thereon under the ordinances, and whether the verdict and judgment are lawful or null and void; that the court will decree that the justice was wholly without jurisdiction to hear and determine the cause and that

the verdict and judgment are void; that the court decree that the title and freehold of the defendant in error were involved in the suit before the justice, and that the justice had no jurisdiction to hear or determine the cause, and for general relief.

Plaintiffs in error demurred to the bill, among other reasons, because, as they alleged, defendant in error had not stated a case entitling him to the relief prayed for, and because it appeared by the bill that he had an adequate remedy at law, and that the bill disclosed facts depriving a court of equity of jurisdiction to grant the relief prayed for; and also because the bill sought to stay the execution of a judgment in a *quasi* criminal case, and to stay and enjoin a judgment at law on the ground that the same is contrary to the evidence. The court overruled the demurrer and (the plaintiffs in error abiding by it) entered a decree finding all the material allegations of the amended bill to be true and that defendant in error was entitled to the relief prayed for. The decree declares the judgment a nullity, and perpetually enjoins the plaintiffs in error from issuing execution, procuring or filing a real estate transcript, levying execution or attempting to enforce the payment of the judgment. It also construes the verdict to the effect that a judgment could not be entered thereon, that the verdict and judgment were unlawful and wholly null and void and of no effect; that the title of the defendant in error to his real estate and freehold therein was involved in the suit before the justice, and that the justice was wholly without jurisdiction to hear, try or determine said cause. An appeal was taken by plaintiffs in error to the Appellate Court, where the appeal was dismissed on the ground that a freehold was involved. On further appeal to this court the judgment of the Appellate Court dismissing the appeal was affirmed. (*Village of Dolton* v. *Dolton,* 196 Ill. 154.) Plaintiffs in error then sued out this writ of error, and have brought the case directly to this court.

I. T. GREENACRE, and OTTO F. REICH, for plaintiffs in error:

A justice of the peace has jurisdiction of the subject matter of a prosecution to recover a fine for obstructing a highway, even where the defendant disputes the existence of the highway and claims a freehold in the land on which the obstruction is placed. *Whitley* v. *Linville*, 174 Ill. 579; *Wheatfield* v. *Grundmann*, 164 id. 250; *Madison* v. *Gallagher*, 159 id. 105; *Landers* v. *Whitefield*, 154 id. 630; *Littler* v. *Lincoln*, 106 id. 353; *Wragg* v. *Penn Township*, 94 id. 11; *Kyle* v. *Logan*, 87 id. 64; *Fiske* v. *Havana*, 88 id. 208.

A court of chancery has no jurisdiction to enjoin the prosecution of a suit for the violation of a village ordinance, nor is it within the power of the parties to waive the question of jurisdiction. *Yates* v. *Batavia*, 79 Ill. 500; *Poyer* v. *DesPlaines*, 123 id. 111; *Railroad Co.* v. *Ottawa*, 148 id. 397; *Skakel* v. *Roche*, 27 Ill. App. 423; Story's Eq. Jur. sec. 893; 2 Daniell's Ch. Pr. 1620.

JOHN C. TRAINOR, for defendant in error:

The proceedings before the justice, as well as the bill upon which the decree complained of was entered, involved a freehold, and necessarily the justice was without jurisdiction. *Dolton* v. *Dolton*, 196 Ill. 154; *Wessels* v. *Colebank*, 174 id. 618; *Brushy Mound* v. *McClintock*, 146 id. 643; *Sanford* v. *Kane*, 127 id. 591; *Mt. Carmel* v. *McClintock*, 53 Ill. App. 544; *Schmidt* v. *Comrs. of Highways*, 53 id. 124; *Smith* v. *Patton*, 97 id. 180; *Malaer* v. *Hudgens*, 130 Ill. 225; *Madison* v. *Gallagher*, 54 Ill. App. 91; *Riverside* v. *Watson*, 54 id. 432.

Mr. JUSTICE CARTER delivered the opinion of the court:

This case was before this court in *Village of Dolton* v. *Dolton*, 196 Ill. 154, on appeal from a judgment of the Appellate Court dismissing the appeal to that court for lack of jurisdiction to hear the appeal. (*Village of Dolton* v. *Dolton*, 99 Ill. App. 141.) In disposing of the case the

Appellate Court did not consider the merits of the controversy, but dismissed the appeal on the express ground that the complainant in the bill of complaint claimed the ownership of the land, and because the decree found such ownership in him, a freehold being involved. This judgment of dismissal was affirmed by this court for the same reason. The case has, therefore, not been heretofore considered on the merits, as contended by defendant in error, either by this or the Appellate Court.

The gist of the bill of complaint of defendant in error is, that the justice of the peace did not have jurisdiction to try the case brought before him because a freehold was involved in that suit, and to show that a freehold was involved defendant in error alleges in his bill that he is the owner in fee simple of the alleged street or highway, and that the suit before the justice of the peace was a proceeding under the guise of a prosecution for the violation of a village ordinance, but was really brought to deprive him of his freehold and impose upon his land a perpetual easement for such street.

The jurisdiction of a justice of the peace depends upon the statute. Section 1 of article 2 of the act of June 26, 1895, revising the law in relation to justices of the peace and constables, gives a justice of the peace jurisdiction, among others, in the following classes of cases: "Seventh—In all actions arising under the laws for the incorporation of cities, towns and villages, or any ordinance passed in pursuance thereof, where the amount claimed does not exceed $200. * * * Ninth—In all actions for the recovery of statutory fines or penalties in which the amount claimed does not exceed $200." (Hurd's Stat. 1899, p. 1068.) In the City and Village Incorporation act (art. 5, sec. 8,) it is provided that "any and all justices of the peace and police magistrates shall have jurisdiction in all cases arising under the provisions of this act, or any ordinance passed in pursuance thereof." (Ibid. p. 279.) If the statute gives him jurisdiction we-

cannot deprive him of it, and the courts are powerless to impose limitations by construction. *Lachman* v. *Deisch*, 71 Ill. 59; *Taylor* v. *Koshetz*, 88 id. 479; *Pitts* v. *Looby*, 142 id. 534; *Herman* v. *Comrs. of Highways*, 197 id. 94.

*Pitts* v. *Looby*, *supra*, and *Cobine* v. *McKittrick*, 186 Ill. 324, were suits brought before a justice of the peace to recover damages for an injury to real property. We there said: "It may be admitted that a freehold was incidentally involved in the litigation, but no judgment could have been rendered that either party was possessed of a freehold, under any possible evidence, for the plain reason that the jurisdiction of the justice of the peace did not extend that far, but was limited to the damages to real property to be recovered; and in this the case is entirely different from an action of trespass *quare clausum fregit* in the circuit court and a trial on the plea of *liberum tenementum*." The suit before a justice of the peace in such cases is merely for an injury to the possession, because the justice of the peace has no jurisdiction to try the title to real estate.

*Herman* v. *Comrs. of Highways*, *supra*, was an action brought before a justice of the peace to recover the penalty imposed by statute for failure to trim a hedge fence along a public highway. The appellant insisted that he was the owner of the land on which the hedge fence stood and of the land on both sides thereof, and that there was no highway there. It was contended in this court that the justice of the peace had no jurisdiction of the subject matter of the suit, because a freehold was involved. The court said (p. 96): "The suit here is only for the recovery of the statutory fine or penalty, and, at most, involves only incidentally a freehold. The justice of the peace could render no judgment that either party was possessed of a freehold estate, for the reason that his jurisdiction does not extend that far, it being limited to a recovery of the fine or penalty imposed by the statute. The case differs from an action of trespass *quare clausum fregit* where the

201—11

plea of *liberum tenementum* has been interposed, or a trial involving a right to a perpetual easement in real estate, (*Chaplin* v. *Comrs. of Highways*, 126 Ill. 264; *Town of Brushy Mound* v. *McClintock*, 146 id. 643; *Village of Crete* v. *Hewes*, 168 id. 330; *Farrelly* v. *Town of Kane*, 172 id. 415;) upon formal pleadings in a court of record." It was held that a freehold was not directly, but only incidentally, involved, and that the appeal should have been taken to the Appellate Court. The case of *Village of Dolton* v. *Dolton*, 196 Ill. 154, was distinguished, because there a freehold was involved by reason of the fact that the decree found the title to be in the complainant under the allegations of the bill, and not that a freehold was involved in the judgment of the justice of the peace sought to be enjoined.

The theory of defendant in error is that a freehold was involved in the prosecution before the justice of the peace for the alleged violation of the village ordinance in obstructing the street, and that the effect of this judgment was to deprive defendant in error of his freehold in the alleged street, and accordingly he prayed in his bill that the collection of the judgment be enjoined and that the circuit court decree the title to the alleged street to be in him. This theory of defendant in error is not tenable, as is abundantly shown by the previous decisions of this court just quoted. The jurisdiction of the justice of the peace extended no further than to determine, incidentally, whether the defendant was the owner in fee of the land, for the purpose of finding whether or not he had violated the ordinance. The judgment of the justice of the peace did not deprive him of his freehold. It is true, this court has held that in determining whether a municipality is entitled to recover the penalty imposed by statute for obstructing a highway it is necessary to determine whether or not the public has a perpetual easement in such highway, and that therefore a freehold is involved. (*Town of Brushy Mound* v. *McClintock*, 146 Ill. 643; *Waggeman* v. *Village of North Peoria*, 160 id. 277; *Village of*

*Crete* v. *Hewes, supra; Farrelly* v. *Town of Kane, supra.*) But that doctrine must be confined to cases arising before a court of record having power to adjudicate upon the title to a freehold.   In a number of cases coming directly to this court which originated before a justice of the peace, (as *Town of Brushy Mound* v. *McClintock*, 150 Ill. 129, *Landers* v. *Town of Whitefield*, 154 id. 630, *Township of Madison* v. *Gallagher*, 159 id. 105, *Cox* v. *Comrs. of Highways*, 194 id. 355, and others,) we have decided and passed upon questions of freehold alleged to be involved in such cases, but the attention of the court was not drawn specifically to the fact that such cases originated before a justice of the peace and that the appeal should have been to the Appellate Court, and the question of his lack of jurisdiction to determine questions of freehold was not raised by the parties nor considered by the court.

It follows from what has been said that the judgment of the justice of the peace was not void because, as it is said, it involved the trial of title to land.   That question was only incidental to the exercise of his statutory jurisdiction.

But aside from the contention just disposed of, has the defendant in error made a case by his amended bill warranting a court of equity to grant the relief prayed? In *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa*, 148 Ill. 397, we held, following *Yates* v. *Village of Batavia*, 79 Ill. 500, and *Poyer* v. *Village of DesPlaines*, 123 id. 111, that a court of equity will not interfere, by injunction, to restrain the enforcement of the ordinances of a city or village in the appropriate courts, on the ground that such ordinances are illegal or because the party charged alleges his innocence.   The only exceptions to this rule are, to prevent a multiplicity of suits, and to prevent irreparable injury.   The bill of complaint of the defendant in error does not bring the case within either of these exceptions.   The bill shows, on its face, that defendant in error had a full, adequate and com-

plete remedy at law by an appeal from the judgment of the justice of the peace, in which all of the questions alleged to be in issue could have been heard and determined *de novo.* And, generally, the rule is that a court of equity will not interpose to stay a judgment at law, unless by accident, fraud or mistake the party has been prevented from making his defense or establishing his claim. (*Holmes* v. *Stateler,* 57 Ill. 209.) This bill does not state a case for the interposition of a court of equity in respect to the proceedings by or before the justice of the peace. But we have seen that, independently of such proceedings, the bill alleges that he is the owner in fee of the premises, and that the defendants have already invaded his property and destroyed some of his fences, and threaten and are about to enter upon and take and damage his property without making compensation therefor. We have held that while a freehold was not involved in the suit before the justice it is involved in this bill, and if its allegations were sufficient to show that the complainant had no adequate remedy at law, or showed other sufficient grounds of equity jurisdiction, (*McIntyre* v. *Storey,* 80 Ill. 127,) the decree might be sustained. But as appears from the bill and decree, the case was principally grounded on the erroneous proposition that a freehold was involved in the suit before the justice of the peace, and that the complainant would be precluded by that judgment, and its enforcement, from asserting his right to a freehold in the premises, or, rather, from denying that there was a perpetual easement therein in favor of the public.

We are of the opinion that the court erred in overruling the demurrer and in rendering the decree. The decree will therefore be reversed and the cause remanded, with leave to the complainant to amend his bill, if he shall be so advised, otherwise the bill will be dismissed by the chancellor.        *Decree reversed and cause remanded.*