ROBERT ALMY

*v.*

WILLIAM M. HUNT.

1. TAXES—*lien of—when attaches.* Under the revenue law of 1853, the lien of the State for taxes, attaches to lands on the first day of May of each year, that day being the one fixed by the statute when the owners are required to list their lands for taxation.

2. SAME—*unpaid—an incumbrance upon land.* Unpaid taxes are an incumbrance upon the land on which they have been assessed.

3. COVENANTS OF TITLE—*against all liens, taxes, assessments and incumbrances.* In an action for a breach of covenant in a deed, executed Oct. 18th, 1865, when the grantor covenanted that the premises conveyed "were free and clear from all liens, taxes, assessments and incumbrances of every kind": *Held,* that the action would lie for refusal to pay the taxes of that year, the lien for which existed when the deed was made, upon such payment being made by his grantee.

4. SAME—*no objection that irregularities in the assessment occurred.* And in such case, it is no objection that the premises were not properly listed for taxation for that year, that there was no legal levy of taxes upon them, in consequence of their having been misdescribed, and hence the taxes were not collectable for that year; there being a *lien* upon them for such taxes, which was removed by the grantee, his right of action became perfect.

5. EVIDENCE—*of records.* And in such case, a plat of the premises is admissible in evidence, for the purpose merely of showing upon what part thereof, the taxes had been paid, without a compliance with the requirements of the statute, in cases where such proof is offered as a muniment of title.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. KENDALL & IDE, for the appellant.

Messrs. FARWELL & HERRON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action commenced in the Bureau Circuit Court, by William M. Hunt against Robert Almy, for a breach of covenant in a deed. A large number of pleas were put in to the action, on which various issues were made up. A trial was had, and a verdict and judgment for the plaintiff.

It appears, Almy, on the 18th of October, 1865, had sold and conveyed to Hunt, the east one-half of lot 45, in the original town of Princeton, in Bureau county, excepting a strip thirty feet in width off the east side of said east half, and in the deed, Almy covenanted that the described premises were free and clear from all liens, taxes, assessments, and incumbrances of every kind.

Plaintiff claimed that at the time of the sale, the taxes had not been paid for the year 1865, and that he had paid them— the defendant, on request, having neglected and refused to pay them.

The principal issues were upon this point.

Appellant contends the taxes upon the lot were not an incumbrance, and a valid and subsisting lien at the time the deed was executed, for the reason that, by law, the taxes were not levied for that year until the first of November.

A lien for taxes, and an assessment or levy, are different things.

It is the great and overruling idea in all governments, that revenue must be supplied for their support, and all the property of the people is liable to contribute thereto. These contributions are realized through and by the machinery of the taxing power. Our own statute is emphatic in the declaration that real property, shall, in all cases, be liable for the taxes thereon, and human ingenuity has not yet devised any mode of escape from this liability. No alienation of it can shield it from this demand. The owner may change his residence, yet the land remains, and the lien is upon it forever. The action of

the board of supervisors, as appellant seems to insist, has nothing to do in the creation of this lien. Their assessment but fixes the amount, the payment of which will discharge the lien. Our statute requires the owners of land shall list it for taxation on the first day of May. On that day, then, so far as transfers of the land are concerned, the lien of the State for taxes, attaches, and by the same statute—section 59 of the revenue act of 1853—it is expressly provided, that every person owning land on that day shall be liable for the taxes due thereon for that year. Scates' Comp., 1063. Thus, the land and the owner are both made liable for the taxes for the year in which the land is listed.

But, admit there was no technical, legal lien, the covenant of appellant is also against incumbrances, and it needs no proof to establish that unpaid taxes are an incumbrance upon land. But the covenant is also, substantially, that no taxes were due upon the land—so that, in any view which may be taken of the covenants, the proof established the breach.

The case of *Hill* v. *Figley*, 23 Ill. 420, cited by appellant, relates to liens on personal property, and that of *Morrill* v. *Swartz*, 39 ib. 108, was a question of jurisdiction in the court to pronounce judgment against a tract of land for delinquent taxes, and was an ejectment case on a tax-title.

Appellant makes another objection: that the tract was not properly listed for taxation for 1865, nor was there any legal levy of taxes upon it, the lot having been misdescribed, and consequently, no taxes were collectible, upon it for that year. This last proposition might be admitted, yet, if there was a lien upon it, as we have shown there was, the covenant was broken, as that lien had to be removed, and if appellee removed it by paying the taxes, his right of action was perfect.

But was the lot misdescribed? It appeared in evidence that lot 45, being three hundred and twenty feet east and west, had been sub-divided by the county surveyor, into ten lots, numbered from one to ten, inclusive, and lot ten was on the west

side of the east half of lot 45. It was proved by the assessor that the tax on lot 45 was levied according to the sub-divisions, and although the description, "west part of lot 10," might be void for indefiniteness, yet the proof was that the east half of 45 comprised all of lot ten, and the covenant was as to the whole east half, except a strip of thirty feet in width on the east side of this east half, and it was proved that the taxes on the east thirty feet of lot ten were assessed to and paid by another person; so that, it is demonstrated, that whatever other taxes were assessed on lot *ten*, whether on all or a part of the residue, were assessed on the land described in the deed and within the covenants, and were paid by the plaintiff.

It was contended on the trial, that when the deed was made, appellee had agreed to pay the taxes; but that question was settled by the jury, and we think from the evidence, correctly, that appellant was to pay them.

Another point is made by appellant, on the admission in evidence of the plat of the sub-division of lot 45, as wanting some of the requisites of the statute. This plat was not offered as a muniment of title; the only purpose for which it was introduced, was to ascertain and show upon what part of the lot 45 the taxes had been paid, and therefore no certificate or preliminary proof was necessary. These are all the material points made on the record, and are in favor of appellee, as found by the circuit court, and the judgment of that court must be affirmed.

*Judgment affirmed.*