## JOHN W. PITTS

*v.*

## ELIZABETH J. LOOBY.

*Filed at Springfield November 2, 1892.*

1. JUSTICE OF THE PEACE—*jurisdiction in an action for damages to real property.* A justice of the peace has jurisdiction "in actions for damages to real property" when the claim does not exceed. $200. He has jurisdiction of an action for cutting down standing trees and carrying them away. Such a suit is brought only for the recovery for an injury to the possession.

2. APPEALS AND WRITS OF ERROR—*whether a freehold is involved.* An action before a justice of the peace to recover damages to real property for the cutting down and carrying away of trees, where the plaintiff's possession and title are denied and the defendant claims the land, incidentally involves a freehold. But no judgment can be rendered in such action that either party is possessed of a freehold, for the reason that the justice's jurisdiction does not extend that far, but is limited to the damages to be recovered. It is different in trespass *quare clausum fregit* in the circuit court, and a trial is had on a plea of *liberum tenementum.*

3. SAME—*freehold incidentally involved.* Where a freehold is only incidentally involved in a case, an appeal from the circuit court is properly taken to the Appellate Court.

WRIT OF ERROR to the Appellate Court for the Third District; —heard in that court on writ of error to the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. L. A. WHIPP, and Messrs. BLANE & BLANE, for the plaintiff in error:

In an action to recover damages to real estate the plaintiff must show paramount title or an actual possession at the time of the injury. *Rockwell* v. *Jones,* 21 Ill. 279; *Webb* v. *Sturtevant,* 1 Scam. 181; *Railroad Co.* v. *McLaughlin,* 77 Ill. 275.

The justice had no jurisdiction in such a case. Hurd's Stat. chap. 79, sec. 13; chap. 137, sec. 6; *Bank* v. *Treat,* 18 Me. 340; *Coal Co.* v. *Coal Co.* 111 Ill. 32; 95 id. 366.

A freehold is involved. *Monroe* v. *Van Miter*, 100 Ill. 347; *Sanford* v. *Kane*, 127 id. 591; *Piper* v. *Connelly*, 108 id. 646.

Mr. CHARLES NUSBAUM, and Mr. N. W. BRANSON, for the defendant in error:

Justices of the peace have jurisdiction in actions to recover damages for all injuries to real estate. *Skinner* v. *Morgan*, 21 Ill. App. 209; *Railroad Co.* v. *Calkins*, 17 Bradw. 55; *Bischman* v. *Boehl*, 30 Ill. App. 455; *Taylor* v. *Koshetz*, 88 Ill. 479; *Lachman* v. *Deisch*, 71 id. 59; Rev. Stat. chap. 79, sec. 13, clause 2.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This suit was brought by defendant in error, against plaintiff in error, before a justice of the peace, for damages claimed to have been sustained by defendant in error from the cutting and carrying away by plaintiff in error of certain trees before then standing and growing upon the land of defendant in error. The fact of the cutting and carrying away of the trees by plaintiff in error was admitted, but he denied that before they were cut they were standing and growing upon land whereof defendant in error was in possession, and alleged, upon the contrary, that they were standing and growing upon land whereof plaintiff in error was himself in possession. Upon the trial before the justice of the peace plaintiff in error contested the jurisdiction of that tribunal, and this was renewed and plaintiff in error's contention overruled in the circuit court, to which the case was taken by his appeal. The circuit court rendered judgment against the plaintiff in error, and that judgment was affirmed on appeal to the Appellate Court for the Third District.

But two questions are discussed in the printed arguments before us which demand consideration, namely: First, did the justice of the peace have jurisdiction of the subject matter

of the litigation; and second, if he did, does the judgment involve a freehold.

In our opinion, the first question must be answered in the affirmative and the latter in the negative. The statute provides that justices of the peace shall have jurisdiction where the amount claimed does not exceed $200, among other classes of cases "in actions for damages to real property." The amount claimed here is less than $200, and cutting down standing trees and carrying them away are "damages to real property." We are aware of no principle upon which we could be justified in holding that the damages here sued for are not such as justices of the peace are given jurisdiction of by the language above. See *Lachman* v. *Deisch*, 71 Ill. 59; *Taylor* v *Koshetz*, 88 id. 479.

But the suit here is only to recover for an injury to the possession. 1 Chitty's Pl. (7th Am. ed.) 202; 14th Am. ed. 174, 175, *175. It may be admitted that a freehold was incidentally involved in the litigation, but no judgment could have been rendered that either party was possessed of a freehold, under any possible evidence, for the plain reason that the jurisdiction of the justice of the peace did not extend that far, but was limited to the damages to real property to be recovered, and in this the case is entirely different from an action of trespass *quare clausum fregit* in the circuit court, and a trial on the plea of *liberum tenementum*. Since a freehold was only incidentally involved, the appeal from the circuit court was properly to the Appellate Court. *Zinc Co.* v. *City of LaSalle*, 117 Ill. 411; *Keating* v. *Hayden*, 132 id. 308.

The judgment being only for $33.20, and no question having been certified for our decision by the judges of the Appellate Court, as provided by section 28 of the Appellate Court act, (1 Starr & Curtis, 702,) the judgment of the Appellate Court is final, and this writ of error was improvidently sued out.

The writ of error is dismissed.

*Writ of error dismissed.*