### North Chicago Hebrew Congregation v. John G. Garibaldi.

1. TAXES—*Statutes Granting Exemptions Construed Strictly.*—Statutes exempting property from taxation are strictly construed; every presumption is in favor of the liability to taxation.

2. SAME—*Effect of Judgment for, in Suit for Breach of Warranty—Duty to Appeal.*—A conveyed certain property to B by deed of general warranty. Later a judgment was rendered against the property, for taxes becoming a lien prior to the execution of the deed. B paid the taxes and sued A for the amount. *Held*, that the judgment of the County Court, in the absence of· a showing to the contrary, established that the premises in question were lawfully assessed and burdened with such taxes and that B was not bound to appeal from the judgment therefor.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

DAVID EICHBERG, attorney for appellant.

YOUNG, MAKEEL & BRADLEY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Prior to June 8, 1891, appellant owned and used, exclusively for church purposes, certain premises in Chicago.

Upon that date it sold and conveyed the same to appellee, giving him a deed with full covenants of warranty.

No further transactions relating to said matter occurred until on July 5, 1892; F. W. Young, attorney for appellee, wrote David Eichberg, attorney for appellant, a letter referring to said deed, and stating that the property had been taxed for the year 1891. A short time thereafter, Mr. Young and Mr. Eichberg met, and, after a conversation, the former agreed to file objections to the application of the county treasurer of Cook county for judgment against said premises for the taxes of 1891. There was a misunderstanding as to who should attend to the objections on the hearing. Mr. Young states Mr. Eichberg agreed to do so, while Mr. Eichberg denies that he so agreed, and says he only agreed to furnish the evidence at such time.

On July 12, 1892, appellee's attorney filed his objections in the County Court. Later, there followed some correspondence between Mr. Young and Mr. Eichberg relating to the objections filed and the payment of taxes. On July 14, 1892, the objections of appellee so filed were overruled by the County Court, and judgment entered, and at such time neither Mr. Young nor Mr. Eichberg was present. Appellee paid the sum of $174.02 in full for such taxes of 1891, on August 2, 1892, before the sale thereof, which sum has never been paid to said appellee, the appellant denying all liability therefor.

Upon the hearing the court found for appellee, and rendered judgment thereon. From this judgment an appeal is taken to this court.

Section 2 of the revenue act of this State provides that " all church property actually and exclusively used for public worship when the land (to be of reasonable size for the location of the church building) is owned by the congregation," to the extent herein limited, shall be exempt from taxation. It is further provided in said act that the lien for taxes attaches to " all property in this State subject to taxation under this act," so far as transfers are concerned, on the first day of May of each year. Paragraphs 58 and 59.

It does not appear whether the premises, lot one in the

subdivision of block eight, etc., were of reasonable size for the location of the church building, and therefore it was not shown that the premises were exempt from taxation.

Statutes excepting property from taxation are strictly construed; every presumption is in favor of the liability to taxation. 25 Am. & Eng. Ency. of Law, 157.

The taxes for the year 1891 became a lien and charge upon the premises upon the 1st day of May of that year. Secs. 59 and 253 of Revenue Act; Alny v. Hunt, 48 Ill. 45.

The judgment of the County Court, in the absence of any showing to the contrary, established for the purposes of this case that the premises in question were lawfully assessed and burdened with the taxes in question on the first day of May, 1892. Warren v. Cook, 116 Ill. 204.

It is true that appellee could have appealed from this judgment, but he was not bound to do so; nor is there anything showing that such appeal could have been prosecuted with effect. So far as is shown there was before the County Court no evidence that the premises were exempt from taxation. Appellant was notified by appellee of the proceeding in the County Court, and that it was expected that it would attend to the matter when it came up for hearing. This it neglected to do.

Appellee properly paid the taxes to prevent a sale of the property, and was entitled to recover upon the covenants of warranty made to him.

The judgment of the Circuit Court is affirmed.