CARSON COBINE

*v.*

JAMES MCKITTRICK.

*Opinion filed June 21, 1900.*

APPEALS AND ERRORS—*when appeal lies to Appellate Court though ownership of land is incidentally involved.* An action before a justice of the peace for injury to real property is a suit for injury to the possession, only, and hence an appeal should be taken to the Appellate Court from the circuit court, even though defendant attempts to justify his acts under claim of ownership.

APPEAL from the Circuit Court of Madison county; the Hon. M. W. SCHAEFER, Judge, presiding.

JOHN B. HAY, and IRWIN & STREUBER, for appellant.

BURTON & WHEELER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding to recover damages for an injury to real property, originally brought before a justice of the peace in Madison county. Upon appeal to the circuit court of that county the case was tried without a jury, resulting in a judgment for plaintiff for $15, from which defendant appeals directly to this court.

Appellee contends the appeal does not lie to this court, no freehold being involved. The evidence shows that the fee to the land (where the acts complained of were committed) was claimed by both parties, and the defendant attempted to justify his acts under his claim of ownership. Counsel say this defense is equivalent to the plea of *liberum tenementum*, and under such plea a freehold is involved, and the cause is therefore appealable from the circuit court directly here. This case is similar in fact and principle to *Pitts* v. *Looby*, 142 Ill. 534, and it is there said: "It may be admitted that a freehold was incidentally involved in the litigation, but no judgment could have been rendered that either party was possessed of a freehold under any possible evidence, for the plain reason that the jurisdiction of the justice of the peace did not extend that far but was limited to the damages to real property to be recovered; and in this the case is entirely different from an action of trespass *quare clausum fregit* in the circuit court, and a trial on the plea of *liberum tenementum.* Since a freehold was only incidentally involved, the appeal from the circuit court was properly to the Appellate Court."

"In actions for damages for injury to real property," before a justice of the peace, the suit is for an injury to the possession. (*Pitts* v. *Looby, supra,* and authorities cited.) And this, for the plain reason that a justice of

the peace has no jurisdiction to try the title to real estate. As was held in the case above cited, this appeal should have been taken to the Appellate Court instead of to this court, and it will accordingly be dismissed.

*Appeal dismissed.*