## C. O. Aden v. Road District No. 3.

1. FREEHOLD—*Eminent Domain—Proceedings to Lay Out Roads—Easements.*—The interest acquired by the exercise of eminent domain in lands taken for highways, streets and alleys and other like purposes, is in the nature of a perpetual easement and such an easement is a freehold.

2. SAME—*Order of the Commissioners Laying Out a Road Involves a Freehold.*—A valid order of the commissioners of highways laying out a highway will deprive the owner of the land over which it passes of his freehold therein.

3. APPELLATE COURT PRACTICE—*Consent of Parties Can Not Confer Jurisdiction.*—Where parties to the record appear to have overlooked the fact that a freehold is involved in the controversy and no motion to dismiss the appeal has been made, this court is without jurisdiction to adjudicate upon this matter, and the objection will be taken *sua sponte.*

Appeal, from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1901. Dismissed. Opinion filed September 4, 1901.

TAYLOR DODD, attorney for appellant.

HILEMAN & SESSIONS, attorneys for appellee.

OPINION PER CURIAM.

F. M. Karraker petitioned to commissioners of highways of Road District No. 3 in Union county, for a private road, for private and public use, over the lands of appellant; the commissioners ordered the road laid out in accordance with the prayer of the petition. An appeal was taken by appellant to the Circuit Court of the county, where the acts of the commissioners were confirmed and approved by the court. An appeal from the order of the commissioners to the Circuit Court was taken in conformity with section 232, chapter 121, Hurd's R. S. 1899, and the proceeding in this court is an appeal from the judgment of the trial court, questioning the legality of the order laying out the road.

It was held by the Supreme Court in Chaplin v. Commissioners of Highways, 126 Ill. 264, that the interest acquired by the exercise of eminent domain in lands taken for railroads, highways, streets and alleys, or other like purposes, is in the nature of a perpetual easement, and that such an easement is a freehold. If the order of the commissioners of highways in laying out the road is valid, it is manifest that appellant will lose his freehold in the property sought to be taken.

In the opinion of the lower court, the action of the commissioners in laying out the road was lawful; the court directed them to open the road for travel.

Where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, the decisions of the Supreme Court have been uniform that a freehold is involved, and that the appeal must be taken to that court. C., B. & Q. R. R. Co. v. Watson, 105 Ill. 217; Sanford v. Kane, 127 Ill. 591; City of Alton v. Fishback, 81 Ill. App. 86.

Both parties to the record seem to have overlooked the fact that we are without jurisdiction of the case, as no motion is made by appellee to dismiss the appeal. Where it is plain that this court is without jurisdiction, the objection will be taken *sua sponte.*

The appeal is dismissed and leave is granted appellant to withdraw the record and abstracts from the files in case he so desires.

It may be out of place to remark that the record fails to show any exception taken to the judgment and preserved in the bill of exceptions. Dismissed.