## J. O. McDowell v. C. B. Jones et al.

1.  FREEHOLD—*Appellate Court Has No Jurisdiction.*—In an action of trespass *quare clausum fregit,* where the question tried was as to who owned a one-foot strip of land upon which a sidewalk had been built, a freehold is directly involved, and the Appellate Court has no jurisdiction of the case.

Trespass, *quare clausum fregit.*  Appeal from the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge presiding. Heard in this court at the August term, 1902.  Dismissed.  Opinion filed March 2, 1903.

W. F. FOSTER, attorney for appellant.

Gee & Barnes and Lewis & Sumner, attorneys for appellees.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

This is an action of trespass *quare clausum fregit*, brought by appellant against appellees, in the Circuit Court of Lawrence County, for breaking and entering appellant's close, in the city of Sumner, where he resided, and excavating and carrying away the soil therefrom, and treading and destroying the grass thereon, and other injuries to his premises.

Appellees filed a plea of not guilty. The case went to a trial by a jury, on the declaration and plea of not guilty. The only ground of defense, as shown by the evidence, was that appellees were employed by, or were officers of the city, and were engaged in building a stone sidewalk along a street of the city adjacent to appellee's premises, and that the land on which the sidewalk was constructed was in a street and was the property of the city. The ground on which the appellant based his right to recover was that he was the owner in fee simple of a strip of land one foot in width on which the sidewalk was constructed. The only material question tried was, who owned the one-foot strip of land? And as the jury found the defendant not guilty, the ownership was found to be in the city. It follows then that a freehold is directly involved, and that this court has no jurisdiction of the case, and that the appeal should have been taken to the Supreme Court. See City of Alton v. Fishback, 81 Ill. App. 86, and cases there cited.

Appeal dismissed, and leave given to each party to withdraw from the files the records, abstracts and briefs filed by them.