### Charles Pankey, et al., v. Charles Modglin, et al.

1. JURISDICTION—*when justice of the peace has.* A justice of the peace has jurisdiction of an action to recover for the breach of a covenant as to title embraced in a deed of conveyance.

2. JURISDICTION—*what does not oust justice of the peace of.* The fact that title to real estate may be incidentally involved does not oust a justice of the peace of jurisdiction.

3. JURISDICTION—*how, determined where question of title is involved before justice of the peace.* The test as to whether title is so directly involved as to deprive a justice of the peace of jurisdiction, is whether the issues to be litigated demand a judgment affecting title; where the issues demand a judgment for money only, title is not directly involved.

Action commenced before justice of the peace. Appeal from the County Court of Johnson County; the Hon. W. Y. SMITH, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

O. R. MORGAN and SPANN & COWAN, for appellants.

L. O. WHITNEL, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace of Johnson county, by appellants against appellees, to recover for breach of covenant as to title to certain real estate embraced by description in a deed of conveyance from appellees to appellants. When the cause came on for trial appellees appeared and moved to dismiss the suit for want of jurisdiction as to the subject-matter. The justice denied the motion, heard the evidence and rendered judgment in favor of appellants for $21.42. Appellees appealed

Pankey v. Modglin.

to the County Court and there renewed their motion to dismiss. The court held that the justice of the peace had no jurisdiction and dismissed the suit. In this the court erred. "Justices of the peace shall have jurisdiction in their respective counties when the amount claimed does not exceed $200, in actions arising on contracts whether under seal or not * * * for the recovery of money only." S. & C., ed. 1896, vol. 2, chap. 79, art. 2, § 16. In North Chicago Hebrew Congregation v. Garibaldi, 70 Ill. App. 33, an action commenced before a justice of the peace to recover for breach of covenant of warranty in a deed of conveyance, is sustained. It is true that in that case the covenant was as to encumbrances and not as to title, but it was an action for breach of covenant of warranty in a deed for conveyance of real estate.

Counsel for appellees concede that in some cases a justice of the peace may have such jurisdiction, but he contends that the case at bar involves the title and that a justice of the peace has no jurisdiction to try and determine "question of title" to real estate. This suit does not directly involve the title. It was a suit " for the recovery of money only." No court could render any judgment in such action directly affecting the title. The question of title was only incidentally involved, and justices of the peace have unquestioned jurisdiction in a number of instances where title to real estate is so involved that it must be incidentally determined. This is sometimes so in forcible entry and detainer suits, yet such suits never directly involve title, and it is often so in actions for damages to real estate. Where the statute gives a justice of the peace jurisdiction, courts are powerless to impose limitations on such jurisdiction by construction. The fact that title may be incidentally involved does not oust a justice of the peace of jurisdiction. Village of Dolton v. Dolton, 201 Ill. 155; Cobine v. McKittrick, 186 Ill. 324; Pitts v. Looby, 142 Ill. 534. Unless otherwise provided by statute, the test as to whether title is so directly involved as to deprive a justice of the peace of jurisdiction, is whether the issues to be litigated demand a judgment

affecting title. Where the issues demand a judgment for the recovery of money only, title is not directly involved.

The judgment of the County Court of Johnson County is reversed and the cause remanded.

*Reversed and remanded.*