The Douglas Park Building Association *et al.*

*v.*

Mary G. Armstrong Roberts.

*Opinion filed December 20, 1905.*

1. Appeals and errors—*when appeal must be taken to Appellate Court though freehold is involved.* Even though a freehold is involved in the pleas or in the decree, if it is not involved in the points assigned for error the appeal should be taken to the Appellate Court.

2. Same—*when an appeal in trespass quare clausum fregit should go to the Appellate Court.* In trespass *quare clausum fregit* growing out of the attempt of a receiver in foreclosure to take possession of the premises, even though *liberum tenementum* is pleaded, an appeal should be taken to the Appellate Court, where the title was in no way questioned in the foreclosure proceeding and the only question tried in the trespass case was the right of possession.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding.

The Douglas Park Building Association, one of the appellants, filed its bill in the circuit court of Cook county against appellee to foreclose a mortgage on the premises in question. A decree of foreclosure was entered by default, and upon a report of sale being made a deficiency decree was rendered for $205. Harry L. Burnette, one of the appellants, was appointed receiver on March 10, 1894, with authority to take possession, collect rents, etc. The property was occupied by appellee, together with her tenants. The receiver visited the premises, and, claiming that the rear door was unlocked, entered and found certain property of appellee in some of the rooms. He put up a notice of his appointment as receiver and took possession. Appellee, upon her return after an absence of a day or two, claims she found

the door to her premises locked and was deprived of the possession of the same, together with certain articles of personal property, for about five weeks. The receiver made a contract of sale of the premises, and the purchaser moved in on March 26, 1894. Appellee paid the deficiency judgment and the court ordered the receiver discharged.

On November 6, 1895, appellee commenced an action of trespass against appellants for the unlawful invasion of her premises. The first seven counts of the declaration complained of a trespass in May, 1894, by appellants and others, who with force and arms entered a certain dwelling house of the plaintiff and made a great noise and disturbance, and threatened plaintiff and her tenants with eviction and violence, and removed plaintiff and her tenants from the possession of the house and carried away and converted her chattels, etc. The eighth count complains of a trespass on October 19, 1895, when her tenants were ordered to quit and her trees and shrubs were cut down.

The appellants filed six pleas,—not guilty; license; *liberum tenementum;* freehold of Hawkins and license from him; a mortgage from appellee to the appellant association, and default, and that it peaceably and without force entered with the other defendants, as they lawfully might; that defendant Burnette was receiver, with authority to take possession and enter with the other appellants, his servants. Replications were filed joining issue upon all the pleas. Upon the trial the jury found all the appellants guilty except L. C. Bonney, in whose favor a verdict was directed, and damages were assessed in the sum of $597. Appellee remitted $400 and judgment was entered upon the verdict, from which an appeal was prosecuted to the Appellate Court. Upon a hearing in that court the appeal was dismissed upon the ground that a freehold was involved and that the appeal should have been prosecuted to this court.

Lyman M. Paine, for appellants.

Charles H. Roberts, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

The sole question in the case is whether or not the Appellate Court properly held that a freehold was involved and that the case should have come directly to this court.

It has been held that a freehold is involved, within the meaning of the constitution and statute, only in case where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Malder* v. *Hudgens,* 130 Ill. 225; *Sanford* v. *Kane,* 127 id. 591.) We have also held that in an action of trespass *quare clausum frigit* to which the plea of *liberum tenementum* was pleaded a freehold was involved, although the only judgment for plaintiff would be one of damages for the trespass, because the plaintiff's right to damages depended upon the success or failure of the defendant in establishing his title to the freehold. (*Town of Brushy Mound* v. *McClintock,* 146 Ill. 643; *Piper* v. *Connelly,* 108 id. 646.) But it is not in every case where a freehold is involved, either in the pleas or in the original decree, that an appeal lies directly to this court. If a freehold is not involved in the points assigned for error the appeal must be taken to the Appellate Court. *Fields* v. *Coker,* 161 Ill. 186; *Franklin* v. *Loan and Investment Co.* 152 id. 345; *Prouty* v. *Moss,* 188 id. 84.

The suit at bar was the indirect result or outgrowth of a foreclosure proceeding commenced against appellee. A bill to foreclose a mortgage does not ordinarily involve a freehold, because the defendant may in such case, by the payment of the money necessary to discharge the lien, prevent the decree from being so executed as to divest him of his freehold, and usually the only question litigated is the existence of the lien, the title itself not being put in issue. (*Sanford* v. *Kane,* 127 Ill. 591.) There was nothing to remove

this case out of the operation of the rule. The title was in no way questioned in the foreclosure proceedings, and therefore no freehold was there involved. The receiver, in the exercise of his supposed authority, endeavored to take possession of the premises, and out of his acts grew the present suit.

The declaration alleged a trespass *quare clausum fregit* and a plea of *liberum tenementum* was filed, but a careful reading of the record discloses the fact that the question of title was not in any way necessarily involved in the case, nor do we think it was tried upon the theory that the question of title was involved. The sole question was as to who was entitled to the possession of the premises. Appellants claimed the right by reason of the decree of foreclosure and the appointment of the receiver, while appellee claimed that she was entitled to the possession and was unlawfully deprived thereof. The instructions of the court upon both sides of the case were along this line. The right of possession was the only question prominently kept before the jury in all of them, and the invasion of that right was the injury complained of. Neither one of the parties gained nor lost a freehold estate, and the question of title was in no way put in issue in such a way as to necessarily invoke a decision upon that point. The title of defendant did not have to be established in order to properly defend the suit brought against her. Her right of possession, if at all, was by virtue of a decree of foreclosure which in no way involved a freehold.

The question of a freehold was not involved in any of the assignments of error, and even though the pleadings were sufficient to involve a freehold, yet the determination of the case and the errors assigned were not sufficient to entitle appellants to an appeal directly to this court. To say otherwise would be to hold that in all cases of trespass the appeal must be directly from the trial court to this court, no matter whether a freehold was directly or indirectly involved in the case.

The Appellate Court committed reversible error in dismissing the appeal, and the judgment will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*