### Thomas Daily v. Peter Boudreau, Sr.

#### Gen. No. 4,831.

1. FREEHOLD—*when involved.* A freehold is involved for purposes of appeal where the result of the litigation is that one of the parties must gain and the other must lose a freehold.

2. APPEAL—*when transferred to Supreme Court.* By virtue of section 102 of the Act of June 3, 1907, it becomes the duty of the Appellate Court to transfer an appeal which involves a freehold to the Supreme Court.

Trespass. Appeal from the Circuit Court of Kankakee county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1907. Transferred to Supreme Court. Opinion filed August 6, 1907.

BERT L. COOPER and SMALL & BROCK, for appellant.

A. L. GRANGER, for appellee.

Daily v. Boudreau, Sr.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an action *quare clausum fregit,* brought by Daily against Boudreau, the premises being described in the second count of the declaration as the east half of the southwest quarter of sec. 29 in township 30 north, range 12 west of the second principal meridian, in Kankakee county. Defendant filed a plea of not guilty, and also a special plea wherein he alleged that said close was, at the times mentioned, the close, soil and freehold of the defendant, wherefore defendant might lawfully commit the acts charged against him. Plaintiff replied that said close was not at the times of said alleged trespasses the close, soil and freehold of defendant, as in the special plea alleged. There was a jury trial, a verdict finding defendant not guilty, a motion for a new trial by plaintiff, a denial of that motion and a judgment for defendant upon the verdict, from which this appeal is prosecuted. Is a freehold involved? The plea of *liberum tenementum* is not conclusive upon that subject. Douglas Park Building Association v. Roberts, 218 Ill. 454.

Plaintiff owns land adjoining land of defendant. Some matters of practice are discussed, but the main question is whether plaintiff is the owner of a certain strip of land lying between the fence which had long been treated as the division fence and a line recently fixed by a surveyor as the true division line between the lands of plaintiff and the lands of defendant, according to the language of their deeds. Defendant committed the acts charged as a trespass and committed them upon said strip of land. If the survey is correct these acts were done on land included within the description in plaintiff's deed. Defendant does not admit that the survey is correct but he also proved that he and his grantors had occupied the strip continuously for about thirty-five years, and he contends that that possession bars plaintiff's title, if any, to the strip. Plaintiff admits the occupation of said strip

for about that length of time by defendant and his grantors, but claims that such occupation was under the mistaken belief that the land called for by defendant's deed extended to the division fence, and that defendant and his grantors only intended to occupy to the true line, and therefore said possession was not adverse and does not bar plaintiff's assertion of his title. If plaintiff recovers final judgment he will thereby establish his title to the strip. If defendant recovers, he will thereby defeat plaintiff's title. We conclude that a freehold is involved, and that we have no jurisdiction of this appeal. Monroe v. VanMeter, 100 Ill. 347; Piper v. Connelley, 108 Ill. 646; Sanford v. Kane, 127 Ill. 591; Town of Brushy Mound v. McClintock, 146 Ill. 643.

Under the statutes in force when this case was submitted to us, it would be our duty to dismiss this appeal. But sec. 102 of the act of June 3, 1907, in force July 1, 1907, entitled "An act in relation to practice and procedure in courts of record," requires us to transfer this cause to the Supreme Court, which alone has jurisdiction of appeals involving a freehold. An order will be entered transferring the cause to the Supreme Court, and directing that the record and files be transmitted to the clerk of that court.

*Transferred to the Supreme Court.*