## Solomon Ward, Appellee, v. Mississippi River Power Company, Appellant.

1. APPEAL AND ERROR, § 186*—*when freehold involved.* On appeal from a judgment in an action of trespass *vi et armis* to recover for the cutting of timber, where the general issue and pleas of *liberum tenementum* were filed, but the special pleas were ordered stricken from the files with leave to defendant to prove any matter of defense under the general issue, and the main issue was whether plaintiff owned the property on which the timber was cut, *held* that the case involved a freehold and was not reviewable by the Appellate Court.

2. APPEAL AND ERROR, § 123*—*right of parties to confer jurisdiction when freehold involved.* Jurisdiction cannot by agreement of the parties be conferred upon the Appellate Court to review a case involving a freehold.

3. APPEAL AND ERROR, § 131*—*duty of Appellate Court when freehold involved.* Where it is clear that a case involves a freehold, it is the duty of the Appellate Court to consider that question *sua sponte* and transfer the case to the Supreme Court.

4. APPEAL AND ERROR, § 123*—*exceptions to rule that Appellate Court is without jurisdiction when freehold involved.* The rule that the Appellate Court has no jurisdiction to review a case involving a freehold has two exceptions: One is where the suit is commenced before a justice of the peace or in the County Court, the other is where a freehold is involved in the original judgment or decree but not in the points assigned for error.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1914. Transferred to Supreme Court. Opinion filed July 28, 1914.

JOHN F. McGINNIS, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The declaration filed in this case by Solomon Ward, appellee, was in trespass *vi et armis,* and alleged that the Mississippi River Power Company, appellant, on July 14, 1913, and at other times, with force and arms

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXVIII  20

against the protest of appellee, destroyed his timber growing upon certain of his lands to the value of eight hundred dollars. Appellant filed the general issue and three pleas of *liberum tenementum*. Thereafter, the court entered an order striking all the special pleas from the files and providing therein that appellant might prove any matter of defense under the plea of general issue that would be a proper defense under any proper plea. Issue was joined and the case went to trial, resulting in a verdict and judgment in favor of appellee for one hundred and fifty dollars.

Appellant did not, on the trial, deny cutting the timber but relied as a defense, and sought to show by the proof, that the land on which it was growing was its land and not that of appellee. It appeared from the proofs that appellant had purchased a strip of land sixty feet wide off of a forty acre tract of land in Madison county from a man named Runtz and that appellee had land joining this forty acre tract on the north. The controverted question on the trial was whether the strip of land which was cleared up by appellant for the use of its wires and towers, used in conveying an electric current from Keokuk, Iowa, to St. Louis, Missouri, belonged to the forty acres owned by appellee or was part of the sixty foot strip purchased by appellant from Runtz. To determine this question the testimony of surveyors and a number of other witnesses was given as to the location of the line between the two forties, as to where the division fence stood and as to how long appellee and those through whom he had claimed title had been in possession of the strip in question.

The court told the jury, among other things, in its instructions, that they should find the issues for the appellant if they believed from the evidence that appellee was not the owner of the land or that appellant owned the same. Appellant states in its brief that all the pleadings go to show the title to the premises was an

issue in the case, and counsel for appellee also states
in his brief that the paramount issue in the case was
"upon whose land was the timber growing which was
cut," and that this was the question submitted to the
jury under the instructions of the court. Both parties
would therefore appear to agree that the determina-
tion of this case involves a freehold, and the first im-
portant question which arises is whether this court
has jurisdiction to review the judgment. While there
is no motion by either party to dismiss or transfer the
appeal for lack of jurisdiction, yet jurisdiction cannot
be conferred upon this court even by agreement of
parties in such a case, and if it is plain that this court
has no jurisdiction, it is its duty to consider that ques-
tion *sua sponte* and transfer the case to the Supreme
Court, which has jurisdiction. *Aden v. Road Dist.
No. 3,* 97 Ill. App. 347.

It has frequently been held by our Supreme Court
that where the title to real estate is put in issue by the
pleadings and a decision of the case involves a decision
of that issue, a freehold is involved. *Douglas Park
Bldg. Ass'n v. Roberts,* 218 Ill. 454, and cases cited.
Mr. Justice Cooke in the opinion delivered by him in
the case of *Jones v. Sanitary Dist. of Chicago,* 252 Ill.
591, says: "We have repeatedly held that when a free-
hold is so put in issue that a decision of the case nec-
essarily involves a decision of that question, this court
has jurisdiction on direct appeal," and a number of
cases are cited by him in support of this rule. It is
also well established in this State that where, in a
case of trespass *quare clausum fregit,* there are pleas
of general issue and *liberum tenementum* filed, a free-
hold is necessarily involved and the Supreme Court
alone has jurisdiction on appeal. *Douglas Park Bldg.
Ass'n v. Roberts, supra; Piper v. Connelly,* 108 Ill.
646; *City of Alton v. Fishback,* 81 Ill. App. 86.

It is true that in this case the Court struck from the
files the pleas of *liberum tenementum,* but in doing so
he entered the order above referred to, allowing de-

fendant to make any defense that might properly be made under any proper plea, and the case appears to have been tried on the same theory as though such pleas had been filed, and it must be so treated here. This court held in *McDowell v. Jones,* 106 Ill. App. 473, that in an action of trespass *quare clausum fregit,* where the only material question tried was the ownership of the premises in question, a freehold was directly involved and that the appeal should have been taken to the Supreme Court. There are two exceptions to the general rule above laid down, however, and these are: First, where the suit is commenced before a justice of the peace or in a County Court in which case the appeal must be taken to the Appellate Court. This question is discussed somewhat at length and numerous authorities cited in *Boyd v. Kimmel,* 244 Ill. 545. That case originated in the County Court, and an appeal was taken therefrom to the Appellate Court and the case was later transferred by the Appellate Court to the Supreme Court on the ground that a freehold was involved. The Supreme Court stated in its opinion that if the County Court had jurisdiction to try the title to the disputed real estate in question and to establish a proper boundary line between the litigants, then the appeal should have been taken to the Supreme Court, and if the County Court did not have jurisdiction to try a case involving a freehold and render a judgment that would be binding upon the parties to the title, the appeal was properly taken to the Appellate Court; and it was held by the court that the County Court did not have jurisdiction to try a case involving a freehold and render a judgment binding as to the title and therefore the appeal was properly taken from that court to the Appellate Court. In that case the court also approves the doctrine laid down in *Pitts v. Looby,* 142 Ill. 534, and *Cobine v. McKittrick,* 186 Ill. 324, that an action for damages to real property

commenced before a justice of the peace is different from an action of trespass *quare clausum fregit* commenced in the Circuit Court, because the justice of the peace has no jurisdiction to try title to real estate and the question of freehold can only be incidentally involved, and therefore appeals from the trial courts, to which such justices' cases may be taken, should be to the Appellate Court and not to the Supreme Court. The other exception is where a freehold is involved in the original judgment or decree but not in the points assigned for error, in which case the appeal should be taken to the Appellate Court. *Prouty v. Moss,* 188 Ill. 84; *Franklin v. Loan & Investment Co. of North America,* 152 Ill. 345.

In this appeal it was argued by counsel on both sides, and such argument was proper under the errors assigned, that appellee having attempted to show ownership by adverse possession, the title to the land in question was the principal issue to be determined. It will therefore be seen that according to the rules laid down in the above authorities the question of freehold was involved not only upon the trial of this cause in the Circuit Court, but also upon this appeal and therefore the appeal should have been taken directly from the Circuit Court, where the suit originated, to the Supreme Court.

The clerk of this court will accordingly be directed to transmit the transcript in this case and all the files herein, together with the order of transfer, to the clerk of the Supreme Court.

*Transferred to Supreme Court.*