(No. 15523.—Cause transferred.)
FRANK G. HAJICEK, Appellant, *vs.* DAVID W. GOLDSBY *et al.*
Appellees.

*Opinion filed October 20, 1923.*

APPEALS AND ERRORS—*suit to declare deed to be a mortgage does not involve a freehold.* A suit to declare a deed to land to be a mortgage and to redeem does not involve a freehold, even though, as an incident to such relief, a deed to a third party having notice of complainant's rights must be set aside; and where the assignments of error on appeal concern only the issue of the right to redeem, the appeal must be taken to the Appellate Court.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

JOSEPH Z. KLENHA, and ABRAHAM GREENFIELD, (LOUIS M. MANTYNBAND, of counsel,) for appellant.

WILLIAM SLACK, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The bill in this case was filed by the complainant, Frank G. Hajicek, for the purpose of quieting the title to lot 34 in block 1 of a certain subdivision in Cook county, Illinois, by setting aside a certain affidavit and quit-claim deed, a mortgage, judgment and mechanic's lien claims as clouds upon his title. The defendants were all defaulted except David W. Goldsby, who filed an answer claiming to be the owner of an undivided three-fourths interest in the premises and a cross-bill praying for partition. On the hearing of evidence before the master Goldsby was unable to produce evidence to sustain the allegations of his cross-bill, and upon his motion the hearing before the master was continued. Thereupon Edward A. Reinick, who was not a party to the original bill, obtained leave to enter his appearance as a defendant, the defaults entered against the defendants

Anton Reinick and Fred Reinick were set aside, and they, together with Edward A. Reinick, filed an answer to the bill of complaint, alleging that the deed under which the complainant claimed title to the premises was not meant or intended as an absolute deed but was in the nature of a mortgage to secure an indebtedness, and that the defendants were the owners of the premises. Goldsby filed an amended answer, in which he alleged that the Reinicks were the owners of the premises in fee simple, and that their conveyance, under which the complainant claimed title to the premises, was not intended as an absolute conveyance but as a mortgage. The Reinicks also filed a cross-bill to redeem from the deed to the complainant as a mortgage. The cause, after having been referred to the master, was heard upon his report of the evidence and his findings and conclusions and exceptions thereto, and a decree was entered finding that the complainant's deed was not an absolute conveyance of the premises but was solely as additional security for indebtedness due the complainant upon mortgages held by him on the premises, dismissing the bill for want of equity, finding the Reinicks entitled to an accounting for the rents and profits received by the complainant since he took possession of the premises, and decreeing that upon the ascertainment of the amount due the Reinicks and the payment thereof, the complainant convey the premises by quit-claim deed to them. The complainant appealed from this decree.

The appeal should have been taken to the Appellate Court. The only issue in the case was whether or not the conveyance to the complainant was intended as a mortgage. A suit to have a deed for land absolute on its face declared a mortgage and to redeem from it does not involve a freehold. (*Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Reagan* v. *Hooley,* 247 id. 430; *Peterson* v. *Peterson,* 264 id. 121; *Lennartz* v. *Boddie,* 304 id. 484.) This is so even though as an incident to such relief a deed to a

third party having notice of complainant's rights is set aside. *Adamski* v. *Wieczorek,* 181 Ill. 361; *Diggins* v. *Axtell,* 266 id. 564.

The assignments of error question the action of the court only in so far as it concerns the issue in regard to the right of redemption, and in such case an appeal must be taken to the Appellate Court, as a freehold is not involved in the points assigned for error. *Douglas Park Building Ass'n* v. *Roberts,* 218 Ill. 454; *Lewis* v. *Lewis,* 237 id. 416.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*