(No. 15886.—Cause transferred.)
HORACE G. POWERS *et al.* Plaintiffs in Error, *vs.* WILLIAM
B. WALRATH, Defendant in Error.

*Opinion filed April 14, 1924.*

FREEHOLD—*freehold is not involved in suit to have contract for purchase declared a loan.* Where a bill alleges that the defendant holds title to the property in question as security for money loaned the complainants as ultimate purchasers under a contract with him, and prays that he be stayed in the prosecution of his forcible detainer suit against the complainants, who were tenants of the premises and had defaulted in payments under the contract, no freehold is involved, as the suit is, in effect, a suit to have the transaction declared a loan or mortgage and for the right to redeem.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

SOREM, POWERS & WATTERS, for plaintiffs in error.

MACCHESNEY & BECKER, (NATHAN WILLIAM MAC-CHESNEY, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This writ of error was sued out of this court to review a decree of the circuit court of Cook county dismissing a bill in chancery for want of equity.

The material facts alleged in the bill and not disputed are, that the plaintiffs in error became tenants of premises known as 420 Elmwood avenue, Wilmette, Cook county, June 1, 1919. The property was then owned by Henry Harfst, and the lease contained an option to plaintiffs in error to purchase the property within one year upon the payment of $9800 in cash and assuming a mortgage for $11,200 then on the premises, making the total consideration $21,000. Plaintiffs in error decided to purchase, and applied to a bank in Evanston for a loan of $9800. They were referred to William B. Walrath, defendant in error,

who inspected and appraised the property. He estimated the replacement value of the building on the lot at $29,000 and agreed to finance the deal. He claims the terms upon which he was to finance the proposition were, that he should buy the property from Harfst and sell it to plaintiffs in error on monthly payments. Plaintiffs in error insist the transaction was a loan and defendant in error took the title in himself to hold as security for the payment of the monthly installments, and as further security he took an assignment of a life insurance policy on the life of plaintiff in error Horace G. Powers for $5000, on which the premiums had been paid up. Defendant in error prepared a contract purporting to sell the property to plaintiffs in error for $30,000, with six per cent interest, $300 payable monthly on the first day of each month for the first twenty-three months, and $350 on the first of each month thereafter, until said sum and interest thereon were fully paid, and when the purchase price was paid down to the amount of the mortgage on the property defendant in error was to convey it to plaintiffs in error, subject to the mortgage. By the contract plaintiffs in error were to pay all taxes and assessments levied against the property, and from May 1, 1920, were to pay defendant in error on the first of each month, in addition to the payments before mentioned, $25 to pay tax assessments and insurance. The contract provided that if plaintiffs in error failed to make any payment, the contract, and all payments made, should be forfeited at the option of defendant in error, and he should have the right to take possession. Powers made payments aggregating something over $6000, when he lost his position and defaulted in his monthly payments, and in August, 1923, defendant in error gave notice he had elected to declare the contract forfeited, demanded possession and afterwards brought a forcible detainer suit.

The contract between the parties to the suit is dated February 20, 1920, at which time defendant in error did

not have title to the property. The deed from Harfst to defendant in error was made March 5, 1920, at which time he paid Harfst $9800. The bill in this case alleged defendant in error held the title to the property and the life insurance policy as security for the money he had advanced or might be compelled to pay, and, in substance, that the contract is usurious, and if enforced will compel plaintiffs in error to pay defendant in error a large sum as usury, in addition to the alleged loan, or be deprived of their property, which it is alleged is now worth $40,000. They offer to pay defendant in error $21,000, with interest at six per cent, as soon as the court can determine the actual amount due, and ask that the further prosecution of the forcible detainer suit be stayed until the cause is heard and determined, and that a decree be entered in accordance with the allegations of the bill, and upon payment to defendant in error of the amount found due him, he and his wife be required to convey the property to plaintiffs in error. The circuit court entered a decree dismissing the bill for want of equity, and complainants sued a writ of error out of this court to review the decree.

It will be seen that the bill is one to declare the deed held by defendant in error was to secure a loan made by him to plaintiffs in error, and for the right to redeem upon payment of the correct amount found due him. That there is a dispute between the parties as to whether the deed was, in fact, a mortgage, or whether the transaction is tainted with usury, does not make the case any the less one to declare a deed a mortgage and for the right to redeem. Such a case does not involve a freehold. *Hajicek* v. *Goldsby,* 309 Ill. 372; *Reagan* v. *Hooley,* 247 id. 430; *Hess* v. *Bartmann,* 311 id. 191.

The assignments of error raise no question which gives this court jurisdiction, and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*